## CROUCH *v.* ROEMER.

1. Reissued letters-patent No. 4289, granted March 7, 1871, to George Crouch, for an improvement in straps for shawls, are void, by reason of the prior knowledge and public use of the invention which they describe.
2. The substitution of a known equivalent for one of the elements of a former structure is not patentable.

APPEAL from the Circuit Court of the United States for the District of New Jersey.

This is a suit in equity by George Crouch against William Roemer to prevent the infringement by the latter of reissued letters-patent No. 4289, granted March 7, 1871, to the complainant for an improvement in straps for shawls.

Among the defences set up by the respondent was the want of novelty and the prior public use of the invention described in the letters. The remaining facts are stated in the opinion of the court.

The court below sustained the defence and dismissed the bill. Crouch thereupon appealed.

*Mr. E. B. Barnum* for the appellant.
*Mr. Arthur v. Briesen,* contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The appellant in this case, complainant below, in describing his invention, when he applied for his patent, said that before his invention "straps had been used to confine a shawl, or similar article, in a bundle, and a leather cross-piece, with loops at the ends, had extended from one strap to the other; and above,

and attached to this leather cross-piece, was a handle." He then said: " My invention consists of a rigid cross-bar beneath the handle, combined with straps that are passed. around the shawl or bundle, such straps passing through loops at the ends of the handle." This was because the " leather cross-piece or connecting strap " was " liable to bend and allow the straps to be drawn toward each other by the handle in sustaining the weight ; . . . hence the handle is inconvenient to grasp." From this, as it seems to us, the *rigid* cross-bar was, from the beginning, the controlling idea of the inventor. His object clearly was, not to bind and hold the bundle, but to keep the handle which the holder was to grasp from pressing the sides of the hand. Hence he says: " I claim as my invention— 1. The rigid cross-bar, connecting the ends of the handle, and provided with loops for the straps, substantially as and for the purposes set forth ; " that is to say, to bind and hold a bundle to be carried. The drawings which accompany this applica-tion show that the inventor had in his mind straps which were to pass over the rigid bar crosswise, but there is nothing to in-dicate that they might not pass over the ends or through open-ings in the bar itself. Next he claims, " loops made of the leather of the handle, and secured to the rigid cross-bar," and then, " the rigid cross-bar for a shawl-strap made of sheet metal, corrugated and covered with leather."

Clearly the defendant could not have infringed any other than the first claim. He did have a rigid cross-bar connecting the ends of a handle provided with openings, which were un-doubtedly the equivalent of loops through which the straps to hold the bundle could pass ; but he had no loops made of the leather of the handles, and no cross-bar made of sheet-metal corrugated and covered with leather. Our inquiries are, there-fore, confined to the validity of the first claim in the complain-ant's patent.

It is conceded in the patent itself that shawl-straps with handles attached to a leather cross-piece having loops at the ends were old. Eustace, one of the witnesses for the com-plainant, says he made his goods with a cross-piece of the firm-est leather he could get, doubled and stitched, so as to render it firmer still. His object clearly was to keep the weight of

the bundle from drawing the ends of the handle together so as to press against the sides of the hand.

The testimony leaves no doubt on our minds that handles fastened on rigid cross-bars and used to carry bundles were known long before the complainant's invention. Possibly in adjusting them to use, though this is by no means certain, the straps to bind the bundle were not passed through loops across the bar, yet it is clear, beyond all question, that the handle, rigid cross-bar, loops, or their equivalent, and straps, or equivalents, were used in combination to keep together and carry one or more articles in a package made by piling or rolling the articles together. Under these circumstances it was no invention to stiffen by artificial means the leather cross-piece which had before been made as rigid as it could be by thickness, doubling, and stitching. All that was done by this inventor was to add to the degree of rigidity which had been used before. The addition of metal or other substance as a stiffener of the known cross-piece, which had already been made rigid in a degree, was not invention. The substantial elements of a well-known structure were thus, in no patentable way, changed.

This view of the case makes it unnecessary to follow counsel in their efforts to break down or sustain the testimony of individual witnesses. The thing which the complainant claims to have patented was substantially made and used long before his invention. All he did was, by the use of known equivalents for some of the elements of former structures, to make it somewhat better than it was ever made before. This is not patentable.

*Decree affirmed.*