## WALKER MFG. CO. et al. v. ILLINOIS BRASS MFG. CO.

(Circuit Court of Appeals, Seventh Circuit.   February 24, 1920.)

No. 2771.

Patents ⬤═328—1,221,190, for radius rods for automobiles, void for lack of invention.

> The Knudsen patent, No. 1,221,190, for radius rods for automobiles, claims 1 and 2, *held* not infringed, and claims 3 and 4 void for lack of invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Walker Manufacturing Company, Becker Christian Knudsen, and the Vaughn-Harris Company against the Illinois Brass Manufacturing Company. Decree for defendant, and complainants appeal. Affirmed.

Otto R. Barnett, of Chicago, Ill., for appellants.

Max W. Zabel, of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge.   Suit to restrain infringement of patent to Knudsen, No. 1,221,190, covering "radius rods for automobiles." The device, while not limited in its application, is intended primarily to support radius rods in Ford automobiles; the inventor stating that his—

> "invention relates to radius rods employed to brace and hold in position the front axle of an automobile of the type consisting of the two rods meeting and joined together at an angle at which point an enlargement of globular form is situated and contained in a ball and socket bearing attachment to the bottom of the engine and crank case. * * * My invention consists in a brace attached to, said radius rods at a point between the two extremities and extending to that point on the lower side of said front axle, where the end of the spring hanger in the form of a thread bolt protrudes through a hole in the axle, the end of said brace rod which is of a shape suitable for the purpose is attached to said lower end of said spring hanger and * * * securely fastened thereto."

Four claims appear in the patent, two of which are herewith quoted and are typical:

> "2. The combination with a V-shaped radius rod, for motor vehicles, the crotch of said radius rod having a swivel connection with the transmission case of the motor vehicle, and having its legs connected to the top of the front axle, of a V-shaped subradius rod having an attachable and detachable connection with the crotch of the radius rod and having its legs connected to the bottom of said front axle."
>
> "4. The combination with a V-shaped radius rod for motor vehicles, the crotch of the radius rod having a swivel connection with a fixed part of the motor vehicle and having its legs connected to the top of the front axle, of a V-shaped subradius rod connected at one end to said radius rod near its crotch and at its other end to said axle."

The patentee clearly made known the object of his invention when he said:

"The object of my invention is to re-inforce and strengthen said front radius rods, so that they will resist the violent jar imparted to them on the road and yet maintain their original shape thereby successfully serving to keep the front axle in alinement and facilitate safety and the easy steering qualities of the automobile."

In other words, the applicant sought and secured a patent upon a brace that supported the V-shaped radius rods of the Ford automobile. Appellee denied infringement, and also attacked the validity of all claims.

Claims 1 and 2 provide for the attachment of the brace to the radius rod "at the crotch." The importance of the place of attachment is emphasized by examining the third and fourth claims, both of which provide for the attachment "near its crotch." The infringing structure is not attached at the crotch, and we therefore dismiss these claims without further consideration, on the ground that their infringement does not appear.

This defense does not exist as to claims 3 and 4, but as to them appellee insists that both are invalid for want of invention.

The problem which patentee attacked was certainly not a difficult one. When he found that the radius rods were insufficient to support the strain which hard usage entailed, he sought to strengthen them. Not only was the strengthening of the radius rods the obvious remedy, but a brace was the means which even a layman would have adopted to accomplish the end. To fasten one end of the brace to the lower side of the axle and to attach the other end to the radius rod was not only the obvious way, but it was practically the only way. Such attachment might be either at the end of the radius rod—that is, at the crotch—or between the crotch and the axle, or it might be nearer to the crotch than to the axle. Certainly to describe it as being "near the crotch" does not suggest, nor has the counsel furnished us with any reason for attributing, genius to patentee in selecting his place of attachment. With the location of the place of attachment eliminated, we find nothing in the patent but a brace for a rod. We are unable to agree with the patent office that this constitutes invention. Crouch v. Roemer, 103 U. S. 797, 26 L. Ed. 426; Pope Mfg. Co. v. Arnold, Schwinn & Co., 193 Fed. 649, 652, 113 C. C. A. 517; Stevenson v. Shalcross, 205 Fed. 286, 123 C. C. A. 438; W. F. & John Barnes Co. v. Vandyck Churchill Co. et al., 213 Fed. 637, 130 C. C. A. 301; Streit v. Kaiper et al., 143 Fed. 981, 983, 75 C. C. A. 167; Luten v. Washburn, 253 Fed. 950, 165 C. C. A. 392.

The decree is affirmed.