## UNITED STATES GYPSUM CO. v. BESTWALL MFG. CO. et al.

(Circuit Court of Appeals, Seventh Circuit. April 8, 1923.)

No. 3179.

1. Patents ⬤⇒303—Refusal of preliminary injunction against new infringement, not asked until one year after supplemental bill was filed, held not abuse of discretion.

It was not an abuse of discretion for the District Judge to refuse a preliminary injunction against infringement of a patent by a new process and product, after decree finding infringement by a prior product of one defendant had been affirmed, where the other defendants had bought into the litigation on advice of counsel that the new product did not infringe, the application for preliminary injunction was not made until one year after the supplemental bill charging the new infringement was filed, so that a final hearing could soon be had, and the rights of complainant were protected by requiring statements by defendants of sales and a bond to account for profits and damages.

2. Patents ⬤⇒294—Intention to apply for writ of review of decision sustaining patent supports discretion in denying temporary injunction against new infringement.

Where defendants, against whom a preliminary injunction to restrain infringement of a patent was sought, stated a purpose to apply to the Circuit Court of Appeals for a writ to review a former decree sustaining the patent, that fact does not show an abuse of discretion in refusing the injunction, but rather the reverse, since the District Judge could not tell what would be the outcome of that application.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity for infringement of a patent by the United States Gypsum Company against the Bestwall Manufacturing Company and others. From a decree denying preliminary injunction on a supplemental bill charging infringement by a new process and product of defendants, complainant appeals. Affirmed.

See, also, 258 Fed. 647; 270 Fed. 542; 200 Fed. 798.

W. Clyde Jones, of Chicago, Ill., for appellant.

L. A. Janney, of Chicago, Ill., for appellees.

Before BAKER and EVANS, Circuit Judges, and GEIGER, District Judge.

BAKER, Circuit Judge. In July, 1919, appellant secured a decree that its patents No. 1,029,328, June 11, 1912, and No. 1,034,746, August 6, 1912, were valid and were infringed by the appellee, Bestwall Manufacturing Company. That decree was affirmed by this court in January, 1921. Bestwall Manufacturing Co. v. United States Gypsum Co., 270 Fed. 542.

When the accounting was taken up before the master, appellant, on April 2, 1921, moved that a second alleged infringement be included; but the master ruled (Murray v. Orr & Lockett Co., 153 Fed. 369, 82 C. C. A. 445) that the fact of infringement ought first to be determined by the District Court upon an issue made by a supplemental bill filed

by appellant and an answer thereto filed by appellees. Appellant accordingly filed its supplemental bill in June, 1921.

No prayer for a preliminary injunction against the second alleged infringement was included in the supplemental bill. Appellant was proceeding at intervals to take testimony by deposition until June, 1922, when appellant for the first time expressed the need for protection by means of a preliminary injunction. This appeal is from an order denying that application.

In 1920, while the original case was pending in this court on appeal, the American Cement Plaster Company, the Beaver Board Companies, and the Beaver Products Company bought into the litigation and were made parties defendant to the motion now on review.

[1] Appellant says that the business done by appellees in the alleged new infringing product had become so large by June, 1922, that appellant asked for a preliminary injunction. But appellant had filed its supplemental bill a year before without asking for a preliminary injunction; and preparation for a final hearing in the District Court had proceeded to such a point that it was probably not apparent to the District Judge, and it is not apparent to us, that any substantial gain in time could be obtained by expending efforts to get a preliminary injunction on a contest by affidavits rather than by putting the same amount of energy in speeding a final hearing. At all events, in balancing the equities between the parties, the court gave what it considered to be ample protection to appellant by requiring appellees to file monthly statements of sales, to refrain from price cutting or other unfair methods of injuring appellant's trade and to give bond to account for all profits and damages that might be awarded to appellant by reason of the alleged new infringement.

[2] In resisting appellant's motion appellees disclosed to the District Court by affidavits that they were about to apply to this court for leave to file a bill of review, in order to have the decree of validity opened and new evidence heard attacking the validity of the patent. Inasmuch as the District Judge could not foretell what would be the outcome of that application to this court (Bestwall Manufacturing Co. v. United States Gypsum Co., 290 Fed. 798, herewith decided), it was not an abuse of discretion, but rather the reverse thereof, to deny the application for the preliminary injunction, because the injunction could have no lawful basis, except upon the validity of the patent, and that issue was again being presented to this court.

Respecting infringement, if that were the only matter affecting the alleged abuse of discretion on the part of the trial court, we might feel constrained on the showing by affidavits to make a tentative, but, of course, not a conclusive, finding of infringement to support a preliminary injunction. But inasmuch as new defendants bought into the litigation on the advice of counsel that the new product was not an infringement, it will be more satisfactory to have a full and final hearing on that issue in the District Court.

On the whole we find that appellant has failed to show a clear abuse of discretion, and the decree of the District Court is accordingly affirmed.