### BESTWALL MFG. CO. v. UNITED STATES GYPSUM CO.

(Circuit Court of Appeals, Seventh Circuit. April 18, 1923.)

No. 3170.

Equity ⬥447(2)—New matter as to which of two employés of corporation was inventor is immaterial to infringer.

Where both the applicant for a patent and the one claimed by the infringer to be the original inventor were employed by the corporation suing for the infringement, and the application was presented by the corporation's solicitors, acting in good-faith belief that the applicant therein named was the real inventor, newly discovered evidence that the other employee was the inventor is immaterial, and does not entitle the infringer to a writ of review after a decree against him had been affirmed.

In Equity. Petition by the Bestwall Manufacturing Company against the United States Gypsum Company for leave to file in the District Court of the United States for the Northern District of Illinois a petition in the nature of a bill of review to open the case on account of newly discovered evidence. Petition denied.

See, also, 258 Fed. 647; 270 Fed. 542; 290 Fed. 800.

Lawrence A. Janney, of Chicago, Ill., for petitioner.
W. Clyde Jones, of Chicago, Ill., for respondent.

Before BAKER and EVANS, Circuit Judges, and GEIGER, District Judge.

BAKER, Circuit Judge. Respondent is the owner of two patents, No. 1,029,328, June 11, 1912, and No. 1,034,746, August 6, 1912, issued on application of Utzman for a method of making plaster board and for the product. In July, 1919, respondent had a decree against petitioner holding that the patents were valid and infringed; and on January 4, 1921, the decree was affirmed by this court. Bestwall Mfg. Co. v. United States Gypsum Co., 270 Fed. 542. Petitioner's answer took direct issue with the allegation of the bill that Utzman was the first and true inventor.

Petitioner seeks to open the decree for the purpose of introducing evidence to the effect that one Brown was really the inventor. From

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the showing and counter showing we find the following situation: Respondent had plants at Chicago and Grand Rapids. Utzman had been employed by respondent to improve the process and the product. Brown was also in the employ of respondent. While Utzman was at Grand Rapids, Brown, at Chicago, made disclosures to respondent's Chicago superintendent, which he thought should be embodied in a patent application. At respondent's direction, Brown, through respondent's patent solicitors, filed an application. When Utzman returned to Chicago, he claimed to the superintendent that the whole invention, a part of which was in the Brown application, was his. The matter was referred to the solicitors, a firm of high character and standing, and on their investigation and advice the Brown application was abandoned and the Utzman applications were filed and prosecuted to issuance.

1. Petitioner's counsel, who prepared the case for trial, gives his conclusion of law that he used due diligence in looking up evidence to sustain the pleaded defenses. He does not particularize what, if anything, he did to support with proof his answer that Utzman was not the first and true inventor. He seems simply to have accepted as true the allegation of the bill and the prima facie evidence of the patent with respect to the personality of the inventor.

2. The decree of validity and infringement was affirmed on January 4, 1921, and the case was remanded for the accounting, which is still not ended. In the latter part of June, 1921, new counsel for petitioner began his investigation of the personality of the inventor, and by July 29, 1921, he had collected practically all the evidence he now has. But petitioner did nothing to save respondent from spending money, time, and effort to enforce the decree until a year later when opposing an application for a preliminary injunction on account of a new infringement, and the present petition was not presented until October, 1922.

3. But the proposed evidence is immaterial and could have no effect upon the decree of validity. Both Utzman and Brown were working for respondent, and both applications were presented for respondent by respondent's solicitors. There can be no question of the good faith of the solicitors and respondent. Brown never challenged the dismissal of his application or the propriety and legality of respondent's securing the patents on the Utzman applications. If a corporation (incapable of being an applicant for a patent) should employ a score of experts in its laboratories to improve the processes and the products of the corporation, it should be of no concern even to the government (Patent Office rule 94) to prosecute an inquiry and make a specific finding on the question whether the invention was single or joint and just what part each expert took in perfecting the improvements; and surely a stranger, who is taking advantage of the disclosures in the patent, ought not to escape on the contention that the government made a proper grant but erroneously or wrongfully recognized the wrong person as applicant.

The petition is denied.