**UNITED STATES GYPSUM CO. v. BEST-WALL MFG. CO. et al.**

(District Court, N. D. Illinois, E. D. July 21, 1925.)

No. 779.

I. Patents ⟪⟫327—Defendants to supplemental bill not parties to decree establishing validity of patent, may assert invalidity.

Defendants to supplemental bill, who were not parties to original decree holding patents valid and infringed, are not barred from asserting defense of invalidity.

2. Patents ⟪⟫102—Patent applied for by one not inventor and unsupported by inventor's oath is void.

Patent, which is not supported by oath of inventor, but is applied for by one who is not inventor, is unauthorized by law and void.

3. Patents ⟪⟫7—Process is patentable, regardless of form of instrumentality used.

Process may be patentable, irrespective of particular form of instrumentality used.

4. Patents ⟪⟫99—Specification of process patent must enable use after expiration.

Specification in process patent must be such as to enable use thereof after expiration of patent.

5. Patents ⟪⟫328—1,034,746, for method of manufacturing plaster board, held valid and infringed.

Patent No. 1,034,746, for a method of manufacturing plaster board, held valid and infringed.

6. Patents ⟪⟫328—1,034,746, for plaster board, held valid and infringed.

Patent No. 1,034,746, for a plaster board, held valid and infringed.

In Equity. Patent infringement suit by the United States Gypsum Company against the Bestwall Manufacturing Company and others. Decree for plaintiff.

Jones, Addington, Ames & Seibold, W. Clyde Jones, Arthur B. Seibold, and Arthur A. Olson, all of Chicago, Ill., for plaintiff.

Emery, Booth, Janney & Varney, Laurence A. Janney, Roland C. Rehm, Edward S. White, and Howard S. Laughlin, all of Chicago, Ill., for defendants.

WILKERSON, District Judge. The original bill in this case named Bestwall Manufacturing Company as sole defendant. It charged infringement of letters patent No. 1,029,328 and No. 1,034,746. The first covers a method of manufacturing plaster board; the second covers the product. The case was tried by Judge Sanborn, who held all claims of both patents valid and infringed. (D. C.) 258 F. 647. That decree was affirmed by the Circuit Court of Appeals. 270 F. 542.

In June, 1921, plaintiff filed a supplemental bill, bringing in new defendants and charging other infringements. An application for a preliminary injunction, based upon the supplemental bill, was denied by Judge Page, sitting in the District Court. Plaintiff appealed, and the order denying the injunction was affirmed by the Circuit Court of Appeals on April 8, 1923. 290 F. 800. In July, 1922, the Bestwall Manufacturing Company applied to the Circuit Court of Appeals for leave to open the decree in the District Court for the purpose of introducing evidence to the effect that one Brown was really the inventor, and that the patents are therefore invalid. That petition was denied on April 18, 1923. 290 F. 798.

Motions were then made by the plaintiff to strike out certain portions of the answers of defendants and to limit the proofs at the trial. Those motions were overruled on February 24, 1924, and the case made by the supplemental bill and the answer thereto was heard in open court, the trial ending on December 23, 1924. Briefs were then filed by the respective parties, and the case is now submitted for decision.

[1] 1. Defendants American Cement Plaster Company, the Beaver Board Companies and the Beaver Products Company, Inc., are not barred by the order of the Circuit Court of Appeals in Bestwall Manufacturing Company v. United States Gypsum Company, 290 F. 798, from asserting the defense of invalidity based upon the alleged prior invention of Brown. They were not parties to the original decree in this case, and the evidence fails to establish a privity of relationship which makes the original decree herein and the order of the Circuit Court of Appeals binding upon them. The rules concerning "the law of the circuit" and "the law of the case," invoked

by plaintiff, must yield, of course, to the basic principle that a party is entitled to his day in court. The three new defendants have not had their day in court, either personally or by representation, upon any of the issues involved in this case; and they are entitled to the same kind of a hearing as if the supplemental bill were an original suit in which they were defendants.

[2] 2. Plaintiff contends that, under the rule stated in 290 F. 798, the defense of invalidity based on Brown's alleged invention must be overruled. Defendants assert that the opinion in that case, if given the interpretation for which plaintiff argues, contravenes section 8 of article I of the Constitution and section 4886, R. S. (Comp. St. § 9430), as well as the opinion of the Supreme Court in Thompson Spot Welder Co. v. Ford Motor Co., 265 U. S. 445, 44 S. Ct. 533, 68 L. Ed. 1098, decided June 2, 1924. Counsel for plaintiff have much to say about the "law of the case" and "the law of the circuit." Luminous Unit Co. v. Freeman-Sweet Co. (C. C. A.) 3 F.(2d) 577, states the limitations upon those doctrines. Defendants American Cement Plaster Company, the Beaver Board Companies, and the Beaver Products Company, Inc., have the right, in my opinion, to show prior invention by Brown as a basis for the claim of invalidity. The statute confers no power upon an employer to declare that one of his employees is an inventor, when, in fact, the employee has made no invention. A patent which is not supported by the oath of the inventor, but is applied for by one who is not the inventor, is unauthorized by law and void, and, whether taken out in the name of the applicant or of any assignee of his, confers no rights as against the public. Kennedy v. Hazelton, 128 U. S. 668, 9 S. Ct. 202, 32 L. Ed. 576.

[3, 4] 3. A process may be patentable, irrespective of the particular form of the instrumentalities used. Cochrane v. Deener, 94 U. S. 780, 24 L. Ed. 139; Carnegie v. Cambria, 185 U. S. 403, 22 S. Ct. 698, 46 L. Ed. 968. But in a process patent, as in all patents, the teaching of the specifications and the disclosure by the patentee must be such that, after the patent has expired, a user thereof shall not be left to the blind groping of experimental work, but by the plain teaching of the specification be enabled to use the process with certainty. Concept, alone, is not patentable. Symington Co. v. National Malleable Castings Co. et al., 250 U. S. 383, 386, 39 S. Ct. 542, 63 L. Ed. 1045. Though claims for a new product, which has denfiite characteristics by which it may be identified, and

15 F.(2d)—45

which distinguish it from the process by which it is made, are not limited to the product as made under the disclosed process, nevertheless, product claims are not sustainable unless the specification discloses at least one practicable way in which to make the product. Hemming Mfg. Co. v. Cutler-Hammer Mfg. Co., 243 F. 595, 600, 156 C. C. A. 243.

The so-called demonstration made by Brown at the Grand Rapids plant, and the disclosures in his application for a patent, in my opinion, did not advance the art a single step. His ideas were inchoate, nebulous, and indeterminate. They do not furnish sufficient basis for assailing the validity or narrowing the scope of the patents relied upon by plaintiff. Those patents should be interpreted and applied precisely as if the defense based upon the acts of Brown had not been brought into the case.

4. In this view of the Brown defense, it is not necessary to decide certain questions of fact relating to the acts of Utzmann. Upon those questions of fact, plaintiff is at a decided disadvantage on account of the testimony of this witness. Utzmann, by his affidavit making and his testimony at the trial, has created a situation in which it is possible to accept his testimony only when corroborated by other credible evidence. But giving to the Brown defense all that is claimed for it on the facts, it is not sufficient, in my opinion, either to affect the validity of plaintiff's patents or to narrow their scope.

5. We come then to what, in my opinion, is the real question in this case. Is plaintiff to be held strictly to the terms of its patents and to be limited to the specific process and product described and claimed therein? Or is it to be given the benefit of a range of equivalents sufficiently broad to include the process and product of the defendants?

The Circuit Court of Appeals, considering the scope of these patents (270 F. 542, 545), said, "The covering for the edges of the gypsum was the heart of the discovery." Defendants' process and product were before the Circuit Court of Appeals upon the appeal from the order denying the preliminary injunction. The court said:

"Respecting infringement, if that were the only matter affecting the alleged abuse of discretion on the part of the trial court, we might feel constrained on the showing by affidavits to make a tentative, but of course, not a conclusive, finding of infringement to support a preliminary injunction. But, inasmuch as new defendants brought into the litigation on the advice of counsel that the new product was not an infringement, it will

be more satisfactory to have a full and final hearing on that issue in the District Court." 290 F. 801.

While, of course, Judge Baker was not attempting to "write the decree for the District Court," as counsel for plaintiff seem to think, the statement last quoted must receive the careful consideration of this court. It is not the "law of the case," within any meaning of that term, and manifestly Judge Baker did not intend that it should be taken as such; but it is the carefully worded observation of the court which has the power to review the decrees of this court, and which had twice considered the scope of these patents and the range of equivalents covered by them. Judge Baker was one of the judges who concurred in the opinion of Judge Evans in 270 F. 542, in which the court considered the equivalents that may be fairly recognized under these patents. And Judge Evans was one of the concurring judges in the opinion of Judge Baker from which the above statement is quoted.

The statement was evidently made for the assistance and guidance of the District Court. I can not bring myself to think that it would have been made if the Circuit Court of Appeals had not been clearly of the opinion that plaintiff's patents show a degree of invention which entitled them to a range of equivalents broad enough to cover the process and product of the defendants.

All the substantial facts bearing upon degree of invention and range of equivalents were before the Circuit Court of Appeals, and I shall give the statement in Judge Baker's opinion the weight which I think the Circuit Court of Appeals intended it should have.

The tentative finding was in harmony with established principles. Pioneer patents and those for improvements so slight as to be almost immaterial form two extremes. The great majority of patents falls between these two extremes. While they do not evidence the first or the last step in the progress of the art to which they relate, they often mark signal advances and protect useful improvements. The doctrine of mechanical equivalents conditions the construction of all these patents, and, in determining questions concerning them, the breadth of the signification of the term is proportioned in each case to the character of the advance or invention evidenced by the patent under consideration, and is so interpreted by the courts as to protect the inventor against piracy and the public against unauthorized monopoly. National Hollow Brake Beam Co. v. Interchangeable

Brake Beam Co., 106 F. 693, 45 C. C. A. 544; Yancey v. Enright, 230 F. 641, 145 C. C. A. 51; Columbia Wire Co. v. Kokomo Steel & Wire Co., 143 F. 116, 74 C. C. A. 310; Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 S. Ct. 748, 52 L. Ed. 1122.

Plaintiff's invention is of a degree which entitled it to a range of equivalents sufficiently broad to cover the reversal of parts and transportation of steps shown with respect to defendants' product and process.

6. There is nothing in the letters of Mr. Hill, the statement of Mr. Rector, or the testimony of Mr. McElroy, which binds plaintiff under the principles of estoppel.

[5, 6] 7. There should be a decree for plaintiff on the supplemental bill, finding both patents valid and infringed, and for an accounting of damages and profits on all the claims, with costs.