## WAILES DOVE–HERMISTON CORPORATION v. OKLAHOMA CONTRACTING CO.

### No. 3288—543.

District Court, N. D. Texas, Dallas Division.

March 13, 1931.

Samuel W. Foster and T. Hart Anderson, both of New York City, and Geo. O. Wilson, of Dallas, Tex., for complainant.

Charles E. Townsend and Thomas G. Goulden, both of San Francisco, Cal., and J. Hart Willis, of Dallas, Tex., for respondent.

ATWELL, District Judge.

Metal pipe lines that carry gas, water, and petroleum are buried in the ground. There is a soil stress from present chemicals and from the soil and temperature against which science has contended. The plaintiff's patent No. 1733006 covers a method for coating pipe which is to be placed in the trench. The liquid itself doubtless has many merchantable virtues, and contributes tremendously to the efficacy and value of the coating so administered.

The evidence discloses that as early as 1912 there was a rotary motion of the pipe at the time of the application of the fluid. The plaintiff's method of having a man hold a noninflammable and nonconducting pad to the revolving pipe as another man pours the hot liquid on, which liquid becomes an enamel, and does away with cloth or wrappings that had theretofore been used in conjunction with fluids, has little, if any, invention in it, when viewed in the light of the prior art. One may get an idea from a model. The model may be never so small. One may get an idea from a printer's roll.

If we assume that the printer's roll, as disclosed in a prior patent, was an anticipation, that would be fatal to the plaintiff's prayer. The suggestions shown here must have been of inestimable value in the pur-

suit of remedies against destroyers which the earth held for metal pipe.

██ The commercial success of a product, without novelty, cannot aid the patent therefor, nor is adjustability an invention. It is rather an exercise of mechanical skill. Paquette v. Potter Mfg. Co. (C. C. A.) 46 F. (2d) 271; Thropp's Sons Co. v. Seiberling, 264 U. S., 320, 44 S. Ct. 346, 68 L. Ed. 708.

The pressing of an asbestos glove by one of the workers on the hot fluid as it is poured from a spouted receptacle by another worker is naturally but the substitution of the hand for the pressure of the spout in an earlier patent, or for the action of gravity upon the fluid by earlier users, or for the cloth or sling that had been used a long time before the issuance of the instant patent. This change involved adjustability, and adjustability is not invention. Peters v. Hanson, 129 U. S. 541, 9 S. Ct. 393, 32 L. Ed. 742. Nor is the use of equivalents. Western Willite v. Trinidad Asphalt Mfg. Co. (C. C. A.) 16 F.(2d) 446. See also, Brown v. Davis, 116 U. S. 237, 6 S. Ct. 379, 29 L. Ed. 659; Morley Sewing Mach. Co. v. Lancaster, 129 U. S. 263, 9 S. Ct. 299, 32 L. Ed. 715; Consolidated Safety Valve Co. v. Crosby, etc. Co., 113 U. S. 157, 5 S. Ct. 513, 28 L. Ed. 939; Crouch v. Roemer, 103 U. S. 797, 26 L. Ed. 426; Marchand v. Emken, 132 U. S. 195, 10 S. Ct. 65, 33 L. Ed. 332; Union Paper Bag Mach. Co. v. Murphy, 97 U. S. 120, 24 L. Ed. 935.

But coming to the determining feature:

The plaintiff contends that the laying of forty or fifty miles of pipe line treated by its process was an experiment. Perhaps that is true, in the sense that the thoughtful contractor is always seeking to better his method. But it is not experimental in the sense that it can be saved from the provisions of the law and the statute which require one to protect one's method within two years from the time of the public use thereof.

██ The use began along in the middle of 1926, and the filing of Cook's application would not save it. We must look exclusively to the Rogers application which was filed on October 15, 1928. The joint application of Cook and Rogers was not a continuation of the preceding separate application. The method, therefore, was in public use and on sale for two years before being protected by an application for the patent. Rev. St. § 4886; USCA title 35, p. 11, § 31.

The application upon which plaintiff's patent was issued is a joint one made by Cook and Rogers. Cook had filed an individual application. He had made oath that he was the original and first inventor. Rev. St. § 4892; section 35, p. 272, title 35, US CA. Cook's application was filed before the method had been in public use two years. The Rogers application was filed after it had been in use two years.

██ A patent is invalid when not granted to the original and first inventor, and, if two invent, the sworn application by one of such two will not satisfy the statute. To allow one of two inventors to attempt to satisfy the precise statutory requisite would be to set aside such requisite, and to allow one, who in truth was not the inventor, to reap the monopoly afforded. Hotchkiss v. Greenwood, Fed. Cas. No. 6718, affirmed 11 How. (52 U. S.) 248, 13 L. Ed. 683; Welsbach Light Co. v. Cosmopolitan, etc., Co. (C. C.) 100 F. 648, affirmed (C. C. A.) 104 F. 83; De Laski & Thropp Tire Co. v. Wm. R. Thropp & Sons (D. C.) 218 F. 458; Bannerman v. Sanford (C. C. A.) 99 F. 294; Smart v. Wright (C. C. A.) 227 F. 84; Ross & Co. v. Wigder (C. C. A.) 290 F. 788; Larson v. Crowther (C. C. A.) 26 F.(2d) 780; Lambert v. Hope, 50 App. D. C. 40, 267 F. 342.

██ The affidavit is an essential prerequisite to the exercise of jurisdiction by the Patent Commissioner. Craig, etc., Corp. v. Static Control Co. (C. C. A.) 295 F. 72; Alden v. Dewey, Fed. Cas. No. 153; Kennedy v. Hazelton, 128 U. S. 667, 9 S. Ct. 202, 32 L. Ed. 576; U. S. Gypsum Co. v. Bestwall Mfg. Co. (D. C.) 15 F.(2d) 704; Michigan Central R. Co. v. Consolidated Car-Heating Co. (C. C. A.) 67 F. 121.

██ An amendment which contains new matter, and which does not merely amplify what was in the original application, must be verified by a new oath. Eagleton Manufacturing Co. v. West, B. & C. Manufacturing Co., 111 U. S. 490, 4 S. Ct. 593, 28 L. Ed. 493. But a solemn verified application by one of two inventors will not support an after-filed application by both inventors so as to make the latter an amendment of the first, and thereby tie them together. It is not an amendment in any sense. It is wholly new matter. It is an entirely new application.

The relief asked by the plaintiff will be denied.