## TWYMAN v. RADIANT GLASS CO.
### No. 9118.

Circuit Court of Appeals, Eighth Circuit.
Feb. 1, 1932.

Franklin H. Griggs, of Tulsa, Okl. (Frederick W. Bailey and Karl Greenhaw, of Fayetteville, Ark., on the brief), for appellant.

Edwin E. Huffman, of St. Louis, Mo. (Daily & Woods, of Ft. Smith, Ark., on the brief), for appellee.

Before KENYON, VAN VALKENBURGH, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a decree dismissing a suit for infringement of letters patent No. 1,494,042, for a mold for glass cylinders. The purpose of the alleged invention, as described in the specifications of the patent, is: "The provision of such a mold that comprises a pair of semicircular half sections hingedly joined together, one of said half sections adapted to be opened and closed in a novel, simple and expeditious manner for permitting of the positioning of the lump of semi-molten glass therein as well as for permitting of the easy removal of the blown cylinder therefrom."

While the application as filed embodied five claims, all claims except one were rejected by the patent office, and the rejected claims were canceled without appeal. The single claim of the patent as allowed is as follows: "A mold of the class described, a pair of semi-cylindrical half sections hingedly joined together, means for opening and closing one of said half sections with respect to the other, means for anchoring the other of said half sections to a support, a platform spaced beneath said mold and a removable plate adapted to be positioned between said mold and said platform."

The claim as allowed differs from the rejected and canceled claims only in that it adds the elements: "A platform spaced beneath said mold and a removable plate adapted to be positioned between said mold and said platform."

The court below found that the device manufactured and sold by the appellee was in public use for more than two years prior to the date of appellant's application for patent. If this finding is supported by the testimony, the decree of dismissal was proper, whether there was infringement, or whether the patent was otherwise valid or not. USCA title 35, § 31; Brush v. Condit, 132 U. S. 48, 10 S. Ct. 1, 33 L. Ed. 251; Smith & Griggs Mfg. Co. v. Sprague, 123 U. S. 249, 8 S. Ct. 122, 31 L. Ed. 141; Andrews v. Hovey, 124 U. S. 694, 8 S. Ct. 676, 31 L. Ed. 557; Manning v. Cape Ann Isinglass, etc., Co., 108 U. S. 462, 2 S. Ct. 860, 27 L. Ed. 793; Allinson Mfg. Co. v. Ideal Filter Co. (C. C. A.) 21 F.(2d) 22; Wailes Dove-Hermiston Corp. v. Oklahoma Contracting Co. (D. C.) 48 F.(2d) 901; Waterloo Register Co. v. Atherton (C. C. A.) 38 F.(2d) 75.

The parties will be referred to as they appeared in the lower court.

The burden of proving a defense of this kind was on defendant. In the first instance, at least, the trial court had the duty of determining whether or not this defense had been established, and this court will not disturb a finding of the lower court, unless it can be said that the testimony is legally insufficient as a matter of law to establish the defense with the certainty required. The patent in suit was not applied for until June 8, 1923. As early as December 2, 1920, defendant was soliciting the business of making glass cylinders for filling station pump equipment. It shipped a sample cylinder to Clear Vision Pump Company, Wichita, Kan., January 11, 1921. On February 5, 1921, it sold two hundred molded glass cylinders and made various other sales in that month and in the months of March and April. In fact, prior use of defendant's device was abundantly proved by practically undisputed evidence. The accused device used as an exhibit in this case was made in the spring of 1921. Counsel for plaintiff, in their brief, say: "There cannot be any question that the shipment of June 8, 1921, of which the plaintiff, of course, was in blissful ignorance, was still subject to experimental consideration and could not have been such a 'public use' in an experimental state of the development of the art as would defeat the validity of the patent in question."

A Mr. Carney testified that the Clear Vision Pump Company always used twelve-inch cylinders only, and that defendant had been continuously furnishing such cylinders dur-

ing the period from 1921 up to within thirty days prior to the time he testified.

There is nothing in the record to sustain plaintiff's contention that the art of making glass molds was in the experimental stage at the time he entered the field. For more than two years prior to that time defendant had been using the accused device in the manufacture of these molds commercially and in substantial numbers for sale to the public. They were being so manufactured for the purposes of the trade and for profit. There is nothing to indicate that they were being manufactured for experimental purposes, but, if used mainly for purposes of trade, and incidentally as an experiment, the use would still be a public one. Smith & Griggs Mfg. Co. v. Sprague, supra.

Plaintiff, however, urges that he should not have been required to meet this defense, because he says he was entitled to a decree pro confesso. This contention is based upon the following facts: On December 18, 1929, the bill of complaint was filed, but the record does not show the return day of the subpœna. On February 25, 1930, plaintiff filed what is referred to as an election to take an order that the bill be taken pro confesso. No such order, however, was entered. On February 28, 1930, defendant filed motion to require plaintiff to make his complaint more definite and certain; on April 9, 1930, defendant filed an amended motion for further particulars; on May 13, 1930, plaintiff made application for a decree pro confesso; on May 13, 1930, the court denied the application for decree pro confesso, denied the motion of the defendant for further particulars, and granted defendant leave to answer within ten days. Pursuant to this order, answer was filed May 19, 1930. It is said that time for answer expired January 14, 1930. While this does not satisfactorily appear from the record, it may be accepted as correct for the purpose of this opinion. The clerk did not enter an order pro confesso. Until the entry of such an order, the defendant was entitled to appear and file such pleadings, or make such motions as it might see fit, so that there was nothing irregular in the proceedings taken by the defendant subsequent to the time plaintiff filed application for an order for decree pro confesso. Had such an order been entered, it would still have been necessary that a decree pro confesso be entered, but, upon application for such a decree, the court not only have denied the same, but granted the defendant time within which to answer. Within the time so granted, the de-

fendant filed its answer. Even if there had been an order pro confesso entered, and a decree pro confesso thereon, the court at the same term had inherent power to set them aside. Equity rules 5 and 17 (28 USCA § 723); Mitchell v. United States (C. C. A.) 13 F.(2d) 124; St. Louis Southwestern Railway Co. v. Yates (C. C. A.) 23 F.(2d) 283. But no such order or decree had been entered, and certainly the court had power to enlarge and extend the time within which defendant might file its answer.

There is no merit in plaintiff's contention that the court committed error in denying his application for decree pro confesso. The judgment appealed from is therefore affirmed.