## T. H. SYMINGTON COMPANY v. NATIONAL MALLEABLE CASTINGS COMPANY ET AL.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

## MINER v. T. H. SYMINGTON COMPANY.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

Nos. 31, 24. Argued April 19, 22, 1918.—Decided June 9, 1919.

Where certain claims of a patent called for a "pocket" or housing, without indicating whether it must be integral or might also be made in two or more parts to be assembled, *held* that the latter interpretation was the correct one, in view of another claim calling for the integral form distinctly and a provision of the specifications saying "the pocket may be cast in a single piece." P. 385.

As between two patentees, he of the prior application and patent is presumptively the prior inventor. *Id.*

Oral testimony tending to show prior invention as against an existing patent is, in the absence of models, drawings, or kindred evidence, open to grave suspicion, particularly if taken long after the time of alleged invention. P. 386.

A mental conception in process of development, occasionally outlined

on scraps of paper, subsequently discarded, and roughly worked into a small wooden model with a pen-knife, *held* not to amount to invention. P. 386.

230 Fed. Rep. 821; 234 *id.* 343, affirmed.

229 Fed. Rep. 730, reversed.

THE cases are stated in the opinion.

*Mr. George I. Haight* for petitioner in No. 24.

*Mr. Melville Church* and *Mr. Gilbert P. Ritter,* with whom *Mr. W. S. Symington, Jr.,* and *Mr. Ernest F. Mechlin* were on the briefs, for petitioner in No. 31 and respondent in No. 24.

*Mr. Charles Neave,* with whom *Mr. Clarence D. Kerr* was on the brief, for respondents in No. 31.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

These cases are so related that they may be disposed of together. Each is a suit to enjoin the infringement of a patent. One was begun in the District of Maine and is based on letters patent granted May 7, 1901, to Jacob J. Byers on an application filed April, 21 1900. The other was begun in the Northern District of Illinois and is based on letters patent granted February 18, 1902, to William H. Emerick on an application filed May 24, 1901. Both patents cover an improvement in draft rigging for railroad cars. In each suit it became necessary to compare the patents, determine whether the invention of one was anticipated by the other, and ascertain which of the patentees was the original and first inventor. Ultimately the suits reached the Circuit Courts of Appeals for the circuits in which they were brought. In the Maine suit the court held that Byers was the prior inventor and that

claims three, five and six of the patent to him were valid and infringed. 230 Fed. Rep. 821; 234 Fed. Rep. 343. In the Illinois suit the court held that Emerick was the prior inventor and that claims one, two, three and four of the patent to him were valid and infringed. 229 Fed. Rep. 730. These conflicting decisions led to the allowance of the present writs of certiorari.

While the discussion at the bar and in the briefs has taken a wide range, only two points need be considered.

One of the elements called for by the claims in the Byers patent which were sustained is a "pocket" or housing, which is to hold other parts in place. The corresponding element of the Emerick patent is described as "counterpart castings" and is in two parts. Whether the Byers pocket was to be integral or might be in two or more parts is a matter about which the two courts differed. In the Maine suit it was held that the claims were not limited to an integral pocket, but in the Illinois suit the ruling was the other way. The former view, as it seems to us, is the right one. There is nothing in Byers' claims which were sustained indicating that the pocket is to be integral, while there is a distinct call for such a pocket in claim nine. The difference in terms points persuasively to a difference in purpose, and the specification does even more, for it says "the pocket may be cast in a single piece." This is the common form of designating an admissible alternative in such instruments. Of course, the other alternative is casting it in a plurality of pieces. When this is done and the pieces are assembled they form a pocket and serve in the same way as if there were but one.

The courts differed also as to who was the prior inventor. Presumptively it was Byers, for his application and patent were both prior to Emerick's application. Recognizing this, the parties claiming under Emerick sought by proof to carry his invention back to an earlier date, and to that end produced the testimony of three

witnesses, Emerick being one. All three testified in both suits, their testimony being substantially the same in both. In the Maine suit the court pronounced this testimony too equivocal and uncertain to establish priority as against Byers' application and patent, but in the Illinois suit the court, although regarding the testimony as hardly satisfactory, gave effect to it. On reading it we are persuaded that it was clearly insufficient.

This court has pointed out that oral testimony tending to show prior invention as against existing letters patent is, in the absence of models, drawings or kindred evidence, open to grave suspicion; particularly if the testimony be taken after the lapse of years from the time of the alleged invention. *Deering* v. *Winona Harvester Works*, 155 U. S. 286, 300. And it has said: "A conception of the mind is not an invention until represented in some physical form, and unsuccessful experiments or projects, abandoned by the inventor, are equally destitute of that character." *Clark Thread Co.* v. *Willimantic Linen Co.*, 140 U. S. 481, 489.

Here the evidence was oral. No model, drawing or kindred exhibit was produced. Fifteen years had elapsed since the date as of which invention was being claimed. The testimony was not direct and strong, but weak and uncertain and in some respects contradictory. At most it only disclosed a mental conception in process of development which occasionally was outlined on scraps of paper and then committed to the waste basket and was roughly worked into a wooden model four or five inches long with a pen knife. The first real model or drawing was made about the time of the actual application for a patent and there was no attempt at reduction to practice until after the patent was issued. Such proof under the rule just stated does not suffice.

*Decree in No. 31 affirmed.*
*Decree in No. 24 reversed.*