## BEARINGS CO. OF AMERICA v. D. P. HARRIS HARDWARE & MFG. CO., Inc.

(Circuit Court of Appeals, Second Circuit. May 15, 1924.)

No. 347.

1. Patents ⚙328—1,117,808 and 1,117,943, for ball bearings; held invalid for prior invention by another.

The Dilg patents, No. 1,117,808 and No. 1,117,943, each for a ball bearing *held* invalid on the ground that the patentee was not the first inventor.

2. Patents ⚙73—Later applicant has burden to carry date of invention back by evidence beyond reasonable doubt.

The later of two applicants for patent for the same invention has the burden to carry the date of his invention still further back by evidence that convinces beyond a reasonable doubt.

3. Patents ⚙62—Disclaimer of priority of invention in interference proceedings held not evidence against one not a party.

A disclaimer filed by one party to interference proceedings, pursuant to an agreement between the parties, is without probative force as evidence of actual priority of invention by the other party against the defendant in a suit for infringement of his patent.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Bearings Company of America against the D. P. Harris Hardware & Manufacturing Company, Inc. Decree for defendant, and complainant appeals. Affirmed.

William B. Greeley and William A. Redding, both of New York City, for appellant.

George K. Helbert, of Philadelphia, Pa., Seward Davis, of New York City, and Frederick H. Blount, of Philadelphia, Pa., for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. Letters patent Nos. 1,117,808 and 1,117,943 were issued on November 17, 1914, to Christian F. Dilg. The patents are for ball bearings, and relate to "ball-holding devices * * * wherein a holder is used, having a series of ball-bearing points to retain the balls, the latter projecting beyond the device, in the inner and outer, and in the upper directions with respect thereto, and it has for its object the provision of an organization of the class described, simple in construction, inexpensive to manufacture, and which operates in a smooth, easy, and noiseless manner in practical use." They provide a retainer or cage, in which the balls are held in spaced relation and free to rotate.

[1] The District Court dismissed the bill, holding that Dilg was not the first inventor, but that one Hansen was a prior inventor. The patent is No. 600,311, and was granted March 8, 1898, upon an application filed March 1, 1897. The applications for the appellant's patents were filed April 6, 1910. The application upon which the patent No. 1,117,808 was granted bore the serial No. 553,897, and was alleged to be a continuation of an application bearing the serial No.

⚙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

655,652, filed October 18, 1897. The application upon which the second patent was granted had serial No. 553,898, and was alleged to be a continuation of an application filed February 16, 1900; serial No. 5,434, alleged to be a division of the same original application filed October 18, 1897.

[2] The earliest date assigned for the patents in suit is October 18, 1897, and Hansen is dated March 1, 1897. If Hansen was earlier than Dilg, priority of invention is conceded by the appellant. We think the conclusion below that Hansen was a prior inventor by 7½ months has support in the evidence, and that finding is in accord with the weight of the evidence. Having antedated the filing of the application for the patents in suit, the burden is upon the appellant to carry the date of invention still further back by evidence that convinces beyond a reasonable doubt. Symington Co. v. National Malleable Castings Co., 250 U. S. 383, 39 Sup. Ct. 542, 63 L. Ed. 1045; Barber v. Otis Motor Sales Co. (C. C. A.) 271 Fed. 171.

[3] The appellant relies on the concession or disclaimer of Hansen. When on August 28, 1903, Hansen made this disclaimer, he had no interest in the patent, it then being owned by Straus. It appears that he was adverse to conceding priority of invention to Dilg, and at first refused to do so. Reliance is placed on this disclaimer in sustaining the burden of proof in showing that Dilg made his invention prior to Hansen, but it will be observed that the dispute here is between the patentee and a third party, who was not privy to the interference proceedings wherein the disclaimer was used. The court below considered the disclaimer as competent, and held that it being made pursuant to the provisions of an agreement between Dilg and Straus made it wholly without any probative force as evidence that Dilg invented prior to Hansen, stating that:

"In the face of that situation, to say that the disclaimers are any evidence of actual priority is to ignore the significance of the whole contract of settlement."

We adhere to our rule that the burden of proof was cast upon Dilg to antedate Hansen by evidence beyond a reasonable doubt. Sundh Electric Co. v. Interborough R. T. Co., 198 Fed. 94, 117 C. C. A. 280. This burden it has not met, and we agree with the court below that the question of fact presented by the proof must be resolved in favor of the appellee.

Decree affirmed.