### BECKER v. ELECTRIC SERVICE SUPPLIES CO.

No. 6449.

Circuit Court of Appeals, Seventh Circuit.

July 19, 1938.

Donald M. Carter, of Chicago, Ill., for appellant.

Gardner & Hitzeman, of Chicago, Ill., for appellee.

Before MAJOR and TREANOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This action was brought by John Walter Becker, plaintiff, against Electric Service Supplies Company, defendant, for infringement of United States Letters Patent No. 1,660,316, applied for December 20, 1918 and issued to the plaintiff February 28, 1928. The patent relates to a resurfacing device for commutators of electric ma-

chines. These commutators are made of sections of copper with insulating material, such as mica, between them and the wires of the armature of the machine, which are formed into loops, their ends connected with the commutator bars. The device consists of a block of abrading material in a finely divided state, there being means for decreasing the adhesiveness of the binder so as to cause the block to wear down readily without causing the metal removed from the commutator to adhere to the block and thereby producing a short circuit between the bars.

Claim 5 only is involved in the suit.[1]

The court below found the patent in suit to be invalid and exonerated the defendant from the charge of infringement. The appeal is from this decree.

Numerous defenses were relied upon, including that of public use and sale more than two years prior to the time the Becker application was filed, but in view of the conclusion we have reached, there will be no occasion to consider any of the other defenses. The court below found, as a fact "the invention of the Becker Patent No. 1,660,316 was in public use and on sale more than two years prior to the time the Becker application was filed." Defendant was merely the distributor of the article charged to infringe, the same being manufactured by one, Frank Cass. The testimony offered in support of the defense of prior use and sale, while uncontradicted, was almost entirely oral. Cass, who was a stationary engineer by profession, testified that in the year 1914 he rented a small factory at 209 Ashland Avenue, Chicago, and commenced the making of commutator grind stones or blocks. His device consisted of a small wheel about an inch thick to be held stationary against the commutator of the electric machine while the same was turning under its own power, after which he would apply sandpaper and brush it off. He testified as to the ingredients used which enabled him to produce the desired results, and related in detail the persons and concerns to whom

he sold his commutator stones, commencing with the year 1914. In 1917, his factory was moved from 209 North Ashland Avenue to Pratt Boulevard. Among the concerns whom he listed as his customers were the Sterling Garage and the Schoenhofen Brewing Company, both of whom were purchasers of the device in question in 1914. Two invoices were offered in evidence, one dated February 5, 1916, the other May 5, 1917, disclosing sales by Cass Commutator Grinding Blocks, 209 N. Ashland Avenue to the Sterling Garage, and it is testified by Cass that the articles described in these invoices are the blocks charged to infringe. In fact, according to the testimony of Cass, the blocks now manufactured by him and charged to infringe, are the same so far as ingredients and material are concerned, as those manufactured by him in 1914 and from that time down to the present. Cass is corroborated as to the manufacture and sale of these stones by a Mr. Ford and a Mr. Schirber. The former was one of the owners of the Sterling Garage in 1914 and testified as to the purchase of stones from Cass during that year and that he has continued to purchase the stones down to the present time. Mr. Schirber testified that in the years 1914, 1915 and 1916, he was employed by the Schoenhofen Brewing Company and corroborated Cass as to the sale of the commutator stones as related. All three of these witnesses fixed the date when these stones were first manufactured and sold by reference to events which took place at or near the same time.

The testimony of these witnesses is uncontradicted, but it is the contention of appellant that oral testimony uncorroborated by records, is, as a matter of law, insufficient to sustain such defense. A number of authorities are cited as sustaining such contention.[2]

Typical of the language often employed is that found in Deering v. Winona Harvester Works, 155 U.S. 286, 15 S.Ct. 118, 39 L.Ed. 153, where the court on page 300 15 S.Ct. on page 123 said:

---

[1] "5. A resurfacing device for commutators of electric machines comprising a block of abrading material in a finely divided state, and formed into a porous structure, an abrasive binder for holding said abrading material together, and means for decreasing the adhesiveness of the binder so as to cause the block to wear down readily without causing the metal removed from the commutator to

adhere thereto to produce a short circuit between the commutator bars."

[2] Deering v. Winona Harvester Works, 155 U.S. 286, 301, 15 S.Ct. 118, 39 L. Ed. 153; T. H. Symington Co. v. National Malleable Castings Co., 250 U.S. 383, 386, 39 S.Ct. 542, 63 L.Ed. 1045; Eibel Process Co. v. Minnesota & Ontario Co., 261 U.S. 45, 60, 43 S.Ct. 322, 67 L. Ed. 523; Washburn & Moen Manufac-

"Taking this evidence together, it falls far short of establishing an anticipation with that certainty which the law requires. As we have had occasion before to observe, oral testimony, unsupported by patents or exhibits, tending to show prior use of a device regularly patented, is, in the nature of the case, open to grave suspicion."

In Eibel Process Co. v. Minnesota & Ontario Co., 261 U.S. 45, 43 S.Ct. 322, 67 L.Ed. 523, the court on page 60, 43 S.Ct. on page 327 said:

"The oral evidence on this point falls far short of being enough to overcome the presumption of novelty from the granting of the patent. The temptation to remember in such cases and the ease with which honest witnesses can convince themselves after many years of having had a conception at the basis of a valuable patent, are well known in this branch of law, and have properly led to a rule that evidence to prove prior discovery must be clear and satisfactory."

In Waterloo Register Co. v. Atherton, 9 Cir., 38 F.2d 75, where the court was presented with a similar situation, it is said:

"The rule is well settled, of course, that a defense of this kind must be proved with certainty and beyond reasonable doubt; but whether the proof measures up to that requirement, or not, is ordinarily for the trial court to determine. An appellate court cannot interfere, unless it can be said as a matter of law that the testimony is legally insufficient to establish the defense with the requisite degree of certainty."

Another case cited and relied upon by both parties is that of Corona Cord Tire Company v. Dovan Corp., 276 U.S. 358, 48 S.Ct. 380, 72 L.Ed. 610, where the court on page 382, 48 S.Ct. on page 387 said:

"Kratz was not seeking a patent. He inferred, with reason, that D. P. G. would not make a successful business accelerator because of its then cost. He is wholly disinterested pecuniarily in the result of this case. The fact that he is the only witness is not fatal or any reason for denying [the] weight [of his testimony] in connection with other circumstances."

It is true, as pointed out by plaintiff, the court in the paragraph following that just quoted, found that the oral testimony was corroborated by records, but it seems apparent that if oral testimony is insufficient to establish such defense, as a matter of law, there could have been no excuse for the court using the language above quoted. We do not think it can be held, as a matter of law, that oral testimony is insufficient. True, such testimony may be regarded with suspicion and must be subjected to a close scrutiny. The reason, therefore, is obvious, but this does not mean that such testimony is insufficient under any and all circumstances. After all, the trial court who saw and heard the witnesses is in a better position to determine their credibility and the weight to be attached to their testimony, than is a reviewing court.

As was said in Twyman v. Radiant Glass Co., 8 Cir., 56 F.2d 119, page 120:

"The court below found that the device manufactured and sold by the appellee was in public use for more than two years prior to the date of appellant's application for patent. If this finding is supported by the testimony, the decree of dismissal was proper, whether there was infringement, or whether the patent was otherwise valid or not."

To the same effect, see Adamson v. Gilliland, 242 U.S. 350, 37 S.Ct. 169, 61 L.Ed. 356; International Shoe Co. v. Rubins, et al., 7 Cir., 74 F.2d 432; Larson v. Crowther, 8 Cir., 26 F.2d 780, 787.

We have read the testimony as found in the record and are convinced it is sufficient to sustain the finding as made by the trial court. Three witnesses, two of whom were disinterested, testified in what seems to us a rather convincing manner of the prior use and sale as alleged by the defendant. The testimony of Cass finds some corroboration by reason of the invoices, to which reference has been made. These witnesses are unimpeached and uncontradicted. While their testimony, from its very nature, is not so satisfactory as might be desired, yet we are of the opinion it is sufficient to sustain the finding as made by the court below. Under such circumstances, there is no occasion for us to consider other defenses.

The decree is affirmed.

turing Company et al. v. Beat 'Em All Barbed-Wire Company et al., 143 U.S. 275, 12 S.Ct. 443, 450, 36 L.Ed. 154; Cline Electric Mfg. Co., Westinghouse Electric & Mfg. Co., and Tribune Co. v. Kohler, 7 Cir., 27 F.2d 638.