**OLIVER MACHINERY CO. v. GELLMAN.**
**No. 7763.**

Circuit Court of Appeals, Sixth Circuit.
April 7, 1939.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Appeal from a decree holding Claims 4 and 5 of Gellman Patent No. 2,024,414 valid and infringed, and ordering an injunction and accounting.

The patent in suit, issued December 17, 1935, on an application filed July 1, 1931, relates to a bread-slicing machine in which the bread is forced through vertically reciprocating knives alternately disposed in two series, so that one series moves upward while the other series moves downward, thus counteracting the tendency of the upwardly moving knives to lift or shift the loaf. The bread is fed to and through the machine by an inclined chute. The device thus utilizes the force of gravity to push the loaves up to and beyond the knives.[1]

Appellant denies infringement and claims invalidity on the ground that the patent is anticipated and lacks patentable novelty.

Appellant relies upon Criner, No. 1,942,-955, issued January 9, 1934, on an application filed December 10, 1930, as an anticipation. But appellee contends, and the District Court held, that this patent, though prior to appellee's in its filing date, was applied for subsequent to the conception by appellee of a machine embodying the main features of the patent. The Criner patent discloses the reciprocal movement of the two sets of knives moving in the same vertical plane, and the gravity feed, which are the principal features of the patent in suit.

Appellee relies upon the fact that Criner in 1934, in an interference proceeding, disclaimed two counts of the interference, describing a bread-slicing machine with reciprocally moving knives and gravity feed chute. Applying the rule that the patent, after entry of the disclaimer, must be construed as if the matter so disclaimed had

Frank E. Liverance, Jr., of Grand Rapids, Mich. (Liverance & Van Antwerp, of Grand Rapids, Mich., on the brief), for appellant.

Clarence E. Threedy, of Chicago, Ill. (Clarence E. Threedy, of Chicago, Ill., and Fred P. Geib, of Grand Rapids, Mich.), for appellee.

---

[1] Claim 4 is typical. It reads as follows:

"A bread slicing machine comprising the combination of a structure including supporting elements, alternating series of spaced substantially vertically reciprocating slicing knives supported by said elements, the knives of one series being positioned in alternate relationship to the knives of the other series and means for substantially vertically reciprocating the knives of one series simultaneously in opposite direction to the knives of the other series, a gravity feed chute supported by said structure in an inclined plane with respect to the vertical plane of movement of said knives and having slots through which said knives reciprocate for slicing operation upon loaves of bread gravitated to and beyond said knives by said chute."

never been claimed (Dunbar v. Meyers, 94 U.S. 187, 24 L.Ed. 34), and assuming that disclaimer in interference proceedings has the same effect as disclaimer after issue, the fact still remains that the patent as allowed to Criner fully describes the basic features of Gellman. If the date of conception and reduction to practice of Gellman is not clearly shown to be prior to Criner, Gellman is anticipated.

We think the character and weight of the testimony adduced upon this point does not attain to the degree of persuasiveness requisite to establish appellee's patent as prior to Criner. Where a patentee relies, as does appellee, upon a date of invention and reduction to practice earlier than his filing date, the burden of proof is on the patentee to show that he conceived his device and reduced it to practice prior to the date of the earlier application. Columbus Dental Mfg. Co. v. Ideal Interchangeable Tooth Co., Inc., 1 Cir., 294 F. 422. In such cases the courts require a certainty of proof which "is seldom demanded elsewhere." United Shoe Machinery Corp. v. Brooklyn Wood Heel Corp., 2 Cir., 77 F. 2d 263. Here appellee's testimony in his own behalf is substantiated only by a diagram of his alleged working machine, dated February 5, 1930, and signed by two witnesses who were not called to testify. Apart from appellee's own statement, there is no proof as to the time and circumstances surrounding the making and dating of the diagram. The date when the diagram was signed has vital bearing upon the question of priority. The failure to secure corroboration upon this point by the two witnesses whose names are affixed to the drawing is in no way explained. There is no showing that their testimony could not have been secured. As pointed out in Barber v. Otis Motor Sales Co., D.C., 271 F. 171, 179, 180:

"The rule as to the burden cast upon the appellee in endeavoring to fix such a date is very strict. It is so easy to fabricate or color evidence of prior invention, and so difficult to contradict it, that proof has been required which does not admit of reasonable doubt."

The unsupported testimony of the patentee as to priority in such case is not enough. Charles Hunnicutt Co. v. A. B. Gaston Co., 3 Cir., 218 F. 176; Columbus Chain Co v. Standard Chain Co., 6 Cir., 148 F. 622, 629; National Machine Corp., Inc. v. Benthall Machine Co., Inc., 4 Cir., 241 F. 72. Cf. T. H. Symington Co.

v. National Malleable Castings Co., 250 U.S. 383, 39 S.Ct. 542, 63 L.Ed. 1045; Twentieth Century Machinery Co. v. Loew Mfg. Co., 6 Cir, 243 F. 373.

In addition, while the paper purports to show the date of conception, no evidence except that of appellee shows the actual reduction to practice of his machine prior to the filing date of Criner. But mere priority of date of conception is not sufficient unless the conception relied upon has been reduced to practice. Barber v. Otis Motor Sales Co., supra; Columbus Dental Mfg. Co. v. Ideal Interchangeable Tooth Co., Inc., supra; T. H. Symington Co. v. National Malleable Castings Co, supra, 250 U.S. at page 386, 39 S.Ct. 542, 63 L.Ed. 1045; Kellogg Switchboard & Supply Co. v. Michigan Bell Telephone Co., 6 Cir., 99 F.2d 207.

Appellee testified that the drawing dated February 5, 1930, was made after the first machine had been built. The diagram discloses the gravity chute, but it is not lettered or numbered, and no dimensions are given. Appellee says he built the machine in the fall of 1929, finishing it in 1930. He states that the machine was torn down to make metal patterns, tools, jigs, dies, and fixtures for production, and that the machine was first ready for sale in May, 1931. The drawing amounts to a self-serving declaration. Both as to date of conception and reduction to practice, appellee's contention rests upon the uncorroborated testimony of one interested witness. Appellee has therefore failed to maintain the burden of proof. Criner is prior to and anticipates Gellman.

In addition to Criner, there are other patents admittedly prior which we regard as anticipations. Kinder Patent No. 923,-125, issued May 25, 1909, and Garlock Patent No. 1,212,045, issued January 9, 1917, both provide for bread-slicing machines with vertically reciprocating knives in series alternately disposed. Garlock diagrams indicate that the series of knives are not in the same plane, but in parallel planes close together. This is the only distinction between Garlock and the patent in suit so far as the positioning of the knives and their vertical reciprocation is concerned. Appellee admits that he was not the first to devise the reciprocal balanced movement of the knives. Kinder is a direct anticipation of this feature of Gellman.

The other principal element of the patent is the method of feeding the bread to

and through the knives. Garlock and Kinder both provide for a horizontal table, with the knives disposed at right angles thereto, and use a pusher to force the bread through the knives. Under these patents, the slicing of each loaf apparently requires a separate operation, that is, the loaves must be fed to the knives manually, one at a time. Faster and continuous means of forcing the bread through the knives became desirable in view of the increasing tendency of the public to buy sliced bread. It is obvious to utilize the force of gravity by means of an inclined chute to accomplish this result, as Gellman did. This does not amount to invention. In any event its use for feeding material to slicing knives is old. Patent to Holm, No. 1,123,534, granted January 5, 1915, for a food-slicing machine, utilizes the same means. It is intended to be used principally in slicing meat and employs rotating circular knives which would not be suitable for slicing bread, due to the fact that the resistance of bread is less than that of meat. The use of sawing instead of cutting knives had long been regarded as preferable for cutting bread, and hence the change of the knife imparts no novelty to the combination.

As the two principal elements of Gellman's machine, the position and functioning of the knives and the use of an inclined chute, are old, the claims in suit are anticipated and invalid. Appellee has merely made a judicious selection of devices from the prior art to accomplish his purpose. Patent & Licensing Corp. v. Weaver-Wall Co., 6 Cir., 95 F.2d 182, 184. In view of our holding the claims invalid, it is unnecessary to consider the question of infringement.

The decree is reversed and the cause is remanded with instructions to dismiss the bill.