**PERRY v. UNITED STATES.**

No. 44608.

Court of Claims.
March 1, 1948.

Harry S. Hall, of Washington, D. C. (Josephus C. Trimble, of Washington, D. C., on the brief), for plaintiff.

H. L. Godfrey, of Washington, D. C., and Peyton Ford, Asst. Atty. Gen., for defendant.

Before JONES, Chief Justice, and HOWELL, MADDEN, WHITAKER and LITTLETON, Judges.

HOWELL, Judge.

The plaintiff in this case seeks to recover for the alleged infringement of a patent granted to him for an improvement in an "Adjustable Cover for Cockpits." The alleged charge of infringement is based upon the manufacture or use by the Government of some 49 different types of hood structures or cockpit covers for air-

planes during the six-year period prior to the filing of the petition.

For convenience, during the presentation of evidence and for consideration by the court, these structures were classified into three basic groups referred to herein as types "A," "B," and "C." Differences in detail within these three classifications are contained in the findings.

Plaintiff in his reply brief states that the court need not burden itself with the consideration of the type "C" structures and concedes that none of the claims of plaintiff's patent are applicable thereto. Plaintiff's present contention is that claim 1 is valid and infringed by the type "B" Government structures and that claims 1 to 5 inclusive of his patent, and more especially claim 2, are valid and infringed by the type "A" Government structures.

The defendant contends lack of infringement by the Government structures and invalidity of certain of the claims of the patent in issue, and urges that the petition be dismissed.

The essential facts established by the record are set forth in the findings. Plaintiff took exception to many of the Commissioner's findings and has proposed changes in them. The defendant urges that the Commissioner's findings, with certain suggested amplifying amendments, be adopted and that the changes proposed by the plaintiff should be denied.

Upon consideration of the plaintiff's exceptions to the findings in the light of the entire record in this case, we are of the opinion that they are not sustained. Plaintiff formulates these exceptions in his brief into three general issues, which may be designated respectively as identity of the Government structures with the claims of the patent in issue; establishment of a date of invention earlier than cited prior art and knowledge, and validity of the claims.

Other than a discussion of these issues which we think answers plaintiff's exceptions, no useful purpose would be served by a detailed discussion of plaintiff's numerous exceptions.

The facts relating to the specification and claims of the patent in suit have been fully set forth in the findings. For the purposes of this opinion it is only necessary to refer briefly thereto. The paten'. describes and claims an adjustable cov.r for cockpits, the opening paragraph of the specification indicating that these covers are for cockpits of either land, water, or air vehicles. We emphasize this statement in the specification because it defines the scope of the patent in suit and the monopolies claimed therein, as covering all three classes of vehicles, and at the same time establishes to an equal extent the field of prior art and knowledge to be considered in testing the patentable novelty of the patentee's claims. None of the claims here in issue have phraseology which limits them to any particular kind of vehicle.

As disclosed in the specification, the patented structure comprises a hood or cover consisting of a series of arcuate transparent leaves which are provided with edge interlocking means so that they will interlock with each other when the front members are pulled forwardly into extended position. These arcuate members are pivotally mounted at their ends upon a pair of opposite disposed carriers, each carrier being mounted upon a guide fixed in the interior of and on each side of the cockpit. A pair of handles provides means for laterally changing the width at the bottom ends of the hood members so that their lower ends may be either laterally expanded or contracted with reference to the edge of the cockpit, thus enabling the bottom of the hood to either extend outside the cockpit or to be brought entirely within the cockpit enclosure for subsequent storage therein.

The guides upon which the arcuate leaves are mounted are longitudinally slidable laterally of the cockpit so that the collapsed hood members may either be carried or moved bodily as a unit in front of or to the rear of the pilot's seat.

The structure thus provided forms a cockpit cover which provides for three separate movements of the hood members. In the first movement the arcuate leaves are first collapsed or nested within each other; the second movement consists in laterally reducing the width at the bottom of the nested arcuate members and bringing them within the cockpit enclosure. The.

third movement then consists in bodily moving the entire nested hood structure to the rear of the pilot's seat inside the cockpit so that the hood disappears within and is stored inside the cockpit.

We refer to these three movements somewhat in detail as they explain the functions of the structures defined by the claims in issue, and thus aid in a comparison of the subject matter claimed with the Government structures.

Type "C" of the Government structures, which may be considered as the fundamental type, is fully described and illustrated in findings 10 to 13, inclusive. Our findings indicate, and, as we have already stated, plaintiff concedes, no infringement by this type of cockpit cover.

As type "A" here in issue however may be contemplated as a modification of type "C," type "C" may be briefly described as a cockpit cover comprising a series of inverted U-shaped members of transparent material mounted upon the fuselage and above the cockpit or cockpits of the airplane. One member is permanently fixed and the forward and rear members are constructed to slide on longitudinal guides adjacent to the top edge of the fuselage so that they may either be longitudinally extended over the entire cockpit or collapsed and nested with respect to the permanently fixed member. In such a type of structure we have present what we have referred to as the first of the three movements, that is to say, a nesting or collapsing of the various component members of the cockpit cover with reference to each other but there is not present a second movement laterally reducing the width at the bottom of the nested members or a third movement in bodily moving the nested canopy with reference to the pilot's seat. The location of the collapsed cover is fixed by the position of the permanently mounted member.

Type "A" differs from type "C" in that it adds one or more sections pivoted to the longitudinally slidable rear transparent U-shaped member. When it is desired to open the rear portion of this cockpit cover it is pushed forward on its tracks so that it is partially housed by the fixed U-shaped member in front of it and at the same time the rear pivoted portions of the cover are tilted upwardly about their pivotal points. In the "A" type cockpit cover there is therefore present the first movement in which the various transparent portions of the cockpit cover may be collapsed or nested within each other, but there is not present any second or lateral collapsing movement or any third movement such as the bodily transporting movement of the entire nested hood structure.

■ Infringement of a patent claim must first of all be predicated upon identity of the accused structure with that claimed by the patentee. Such identity must not only reside in the idea of the means expressed in the claim but also in the identity of the functions and modes of operation of the means so set forth and defined by the specification.

■ It is well settled law that a word by word correspondence of an alleged infringing device with plaintiff's claims is not enough to establish infringement; recourse must be had to the specifications to see how far the means there disclosed correspond with those used by the defendant. See Grubman Engineering & Mfg. Co. Inc. v. Goldberger, 2 Cir., 47 F.2d 151, and cases cited therein.

■ Claim 1, the broadest claim in issue, has been paraphrased in Finding 22 and its nonapplicability to type "A" of the Government structure as to structure and function is covered in Finding 23.

Plaintiff in his argument urges that the rear inverted U-shaped hood section of the Government structure, type "A," and the hood sections pivoted thereto be contemplated as segregated from the remainder of the hood structure. By thus divorcing this portion of the cockpit cover from the remainder, plaintiff urges that the inverted U-shaped portion forms a carrier for the pivoted sections of the hood which are mounted thereon and that he then has a collapsible hood, i. e., the pivoted portions, a hood carrier, the inverted U-shaped portion of the hood and guide means, i. e., the guides upon which this segregated portion of the hood moves longitudinally.

We fail to follow such argument. In the first place, and particularly from a functional standpoint, the rear inverted U-shaped

506

member is just as much an element of the hood or cover as it was before such mental separation and it still moved upon the longitudinal guides for the sole function of nesting with the permanently fixed member and remaining members of the hood structure and not for bodily moving the collapsed cover from one portion of the cockpit to another. It is still a part of a collapsible hood rather than "a hood carrier."

If we held the phraseology of claim 1 to be applicable to type "A" of the Government structure it would not present patentable novelty over the collapsible hood disclosed in the German patent to Woerner with its pivoted transparent segmental end sections and its central arcuate telescopic sections (see Finding 33), and this claim as well as claim 2 would be invalid.

The type "A" Government structure represents such a distinct difference in structure, function and mode of operation that the phraseology of claim 1 of the patent in suit, interpreted in the light of the patent specification, is not applicable thereto.

Claim 2 in issue is substantially similar to claim 1 to which we have just referred, with the exception that it defines the hood as being "transparent." What we have said about the nonapplicability of claim 1 to the Government type "A" structures therefore applies with equal facility to claim 2.

Claim 3 is similar to claim 2 but more limited in scope in that it recites the bodily transportation of the folding hood structure, the claim specifying "a bodily adjustable cockpit protector," and the claim further specifies that the sections of the collapsible hood member "are in interlocking arrangement with each other." The type "A" Government structures are not bodily adjustable as defined by the disclosure of the patent in suit nor do the separate sections of the hood members have any interlocking arrangement with each other. The phraseology of this claim is not applicable to type "A" Government structures.

The language of claim 4 includes a disappearing cockpit cover and having covers provided with the edge interlocking means. Type "A" Government structures do not disappear or fold within the cockpit

as taught by the patent in suit, nor do they have any edge interlocking means, and the phraseology of this claim is not applicable to this type of Government structure.

Claim 5 specifically recites what has been termed the second movement or the lateral change in width of the patented hood structure. As none of the Government structures possesses the feature of lateral spreading and reduction in width, the phraseology of his claim is not applicable thereto.

None of the claims in issue is applicable to the type "A" Government structure.

We next take up for discussion the second issue presented by the plaintiff. This relates to the alleged establishment of the date of invention prior to the filing of plaintiff's application in the Patent Office. More specifically, the plaintiff alleges a date of invention prior to the United States patent to Moore #1,796,471 (Finding 29) and the Lockheed Sirius "Lindbergh" plane (Findings 35, 36 and 37).

The Moore patent was issued March 17, 1931, and therefore was neither an issued patent nor a printed publication on August 11, 1930, the date when plaintiff filed his application which materialized into the patent in suit. The Moore application, however, was filed in the Patent Office on January 17, 1929, approximately eighteen months prior to plaintiff's application date.

In a supplemental brief which we have permitted plaintiff to file, plaintiff urges that the Moore patent not having been issued until subsequent to the filing of the plaintiff's application, was not disclosed to the public either as a prior printed publication or as an issued patent and is therefore not qualified as an anticipation.

We dispose of this secondary issue by reference to Alexander Milburn Company v. Davis-Bournonville, 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651. In this case the Supreme Court held that a description which would bar a patent if printed in a periodical or issued patent would be an equally effective bar if contained in an earlier filed copending application. Following this decision, the courts have held that a patent issued later but filed earlier than that in suit may be sufficient evidence of

prior knowledge to invalidate. See Western States Machine Co. v. S. S. Hepworth Co., D.C., 147 F.2d 345; O'Leary et al. v. Liggett Drug Co., D.C., '53 F.Supp. 288; DeCew v. Union Bag & Paper Corp., D.C., 59 F.Supp. 323; Myers Arms Corporation v. United States, 38 F.Supp. 269, 93 Ct.Cl. 282, 300–302, 306, 309–310 (Voller patent); Minnesota Mining and Manufacturing Company v. Coe, 69 App.D.C. 256, 100 F.2d 429, certiorari denied 306 U.S. 662, 59 S.Ct. 788, 83 L.Ed. 1059; Denaro v. Maryland Banking Company, D.C., 40 F.2d 513, 515, affirmed 4 Cir., 50 F.2d 1074; Dyer v. Coe, 75 U.S.App.D.C. 125, 125 F.2d 192, 195, 196; Application of Seid, 161 F.2d 229, 231, 34 C.C.P.A., Patents, 1039.

■ In order to overcome consideration of the Moore patent as anticipatory it is therefore necessary for plaintiff to establish a date of invention prior to January 17, 1929, the filing date of the Moore application. In establishing his date of invention plaintiff relies upon the testimony of two witnesses, Bailey and Taylor.

Bailey testified that after making some miniature models, some of which were of paper, he completed a model made of transparent pyralin in February or March of 1929, which he turned over to plaintiff.

Taylor testified that Perry showed him a miniature model of a cockpit cover some time in the summer of 1929.

We have summarized the testimony of these witnesses in Finding 7. The dates given by them, both of which are subsequent to the filing date of the Moore application, were from recollection alone, and no memorandum, either contemporaneous or otherwise, or original sketches of structures have been produced. All models have been either destroyed or lost.

In addition to the testimony of these witnesses four filing cards were produced from the office records of Victor J. Evans & Company, plaintiff's patent lawyers. We have referred in detail to these four cards in our Finding 8. It is sufficient to state here that these cards disclose nothing as to any given type of structure or date of conception or reduction to practice of the invention here in issue prior to August 11, 1930.

■ A plaintiff who seeks to carry the date of invention back of an anticipatory disclosure must establish the earlier date by evidence so clear as to leave no reasonable doubt as to what mechanisms were constructed or what events occurred and when they occurred. The character of proof that is required is very strict, for upon these facts is predicated the existence or nonexistence of a patent monopoly. In the present instance oral testimony from recollection after a period of approximately seventeen years, unsupported by any contemporaneous documentary evidence, is insufficient to meet the strict burden of proof required.

In Symington Company v. National Malleable Castings Co., 250 U.S. 383, 386, 39 S.Ct. 542, '543, 63 L.Ed. 1045, the court said: "Here the evidence was oral. No model, drawing, or kindred exhibit was produced. Fifteen years had elapsed since the date as of which invention was being claimed. The testimony was not direct and strong, but weak and uncertain and in some respects contradictory. At most it only disclosed a mental conception in process of development which occasionally was outlined on scraps of paper and then committed to the waste basket and was roughly worked into a wooden model four or five inches long with a pen knife. * * * Such proof under the rule just stated does not suffice."

Also, in Barber v. Otis Motor Sales Co., 2 Cir., 271 F. 171, 180, the court said: "One who seeks to carry the date of invention back of a date of anticipating patent assumes the burden of proof, and must establish the earlier date by evidence so cogent as to leave no reasonable doubt in the minds of the court that the transaction occurred substantially as stated. * * * The rule as to the burden cast upon the appellee in endeavoring to fix such a date is very strict. It is so easy to fabricate or color evidence of prior invention, and so difficult to contradict it, that proof has been required which does not admit of reasonable doubt."

We have found in Finding 8 that there is no satisfactory evidence to establish a date of conception or reduction to practice of the invention in issue prior to August

11, 1930, the filing date of the application in the Patent Office which subsequently matured into the patent in suit.

The third issue which plaintiff has raised deals with the validity of the claims of the patent in suit.

We have found that the type "B" or blind flying hood Government structure is of such a character that the phraseology of claim 1 is applicable thereto (see Findings 17 and 22). None of the other claims in issue are applicable to any of the Government devices. It is therefore only necessary to consider the validity of this claim.

Claim 1 is invalid because of the disclosure of the Moore patent (Finding 29) and the patent to Wildau issued May 8, 1917 (Finding 30). It is sufficient to state that in both of these patents there is disclosed a disappearing collapsible cover or hood for a vehicle and that in each instance the hood comprises bow members covered by a fabric and mounted on carrier members, one on each side of the vehicle. These carriers are slidably mounted upon guide means secured to the interior of the vehicle. In each of these disclosures the hood may be collapsed, the carriers moved along carrier supporting and guide means, and the entire collapsed hood then moved bodily for storage in the interior of the vehicle compartment.

The disclosure of these two patents is similar in structure and function to that defined by claim 1 in issue, and this claim is therefore invalid.

The plaintiff's principal argument as to validity over these prior art disclosures is premised on the theory that they are related to land vehicles or automobiles, whereas the patent in suit is directed to an airplant cockpit cover,[1] and that therefore the alleged anticipating patents do not render plaintiff's patent invalid.

In the initial portion of this opinion we have pointed out that in the specification of the patent here in issue the introductory phraseology states that the invention relates to covers for cockpits of either land, water or air vehicles.

The specifications, drawings and claims of a patent serve two purposes. One of these is to instruct the public how to manufacture, use or practice the invention. The second purpose is to clearly define and indicate to the public the scope of the patent monopoly reserved to the inventor for the life of the patent and to enable those skilled in the art to readily ascertain what they may manufacture and use without trespassing on the monopoly so established. The monopoly of a patent is, of course, expressed by the claims as interpreted by the specifications.

In the patent in suit we have a clear indication that the patent monopoly so expressed is inclusive of land, water or air vehicles, and while the plaintiff has elected to describe his invention by reference to its use on an airplane, he has carefully avoided any limiting terms either in the claims or specifications which would indicate a monopoly limited thereto.

It is an ancient adage in patent law that that which infringes, if early enough, anticipates. We find the terminology of claim 1 to be directly readable upon both the Moore and the Wildau patents and for this reason this claim is invalid.

Claim 1 of the patent in suit does not specify anything previously unknown to those skilled in the art and this claim is invalid. The remaining claims in issue, claims 2 to 5 inclusive, are not infringed.

The petition is dismissed. It is so ordered.

JONES, C. J., and MADDEN, WHITAKER and LITTLETON, JJ., concur.

---

[1] Plaintiff has evidently overlooked the fact that Fig. 11 of Wildau shows the hood applied to the cockpit of a boat.