INTERCHEMICAL CORPORATION,
Plaintiff,

v.

Robert C. WATSON, Commissioner of
Patents, Defendant.

Civ. A. No. 4434–53.

United States District Court
District of Columbia.

Aug. 24, 1956.

On Rehearing Oct. 11, 1956.

180

Wilmer & Broun, John H. Pickering, Washington, D. C., Byerly, Townsend & Watson, Ralph M. Watson, New York City, for plaintiff.

C. W. Moore, Sol., U. S. Patent Office, Washington, D. C., J. Schimmel, Washington, D. C., of counsel, for defendant.

WILKIN, District Judge (by designation).

In this action, brought under the provisions of Section 145 of Title 35 United States Code, the plaintiff, as assignee, seeks a judgment authorizing the defendant to grant plaintiff Letters Patent on claims 3, 4, 5, 9, 10, 13, 14 and 15 of the application of Arthur Booth, Serial No. 70,398, filed January 11, 1949.

The Booth application describes a printing paste for use in textile decoration, which comprises a pigmented dispersion of a substantially insoluble rubbery copolymer of acrylonitrile and butadiene, and a volatile, water-immiscible organic liquid. The purpose of the

composition was to avoid "crocking" (tendency to rub off), and improve color value, without creating an objectional "hand" (surface texture) to the finished fabric.

Plaintiff's brief says:

"In 1946–7, Arthur Booth perfected a formulation whereby pigmented oil-in-water emulsion printing pastes are protected against crocking. That development constitutes the invention forming the subject matter of the Booth application in suit. The applicant has discovered that the objectionable transfer of pigment from a cloth printed with an ordinary pigmented water-in-oil printing paste to the surface of another cloth rubbed against it can be overcome by dispersing in the oil phase of the paste a specific type of oil resistant rubbery material which is not soluble in the organic liquid of that oil phase. At the same time, the color value of the printing paste is enhanced (Application, pp. 1–3)."

The defendant refused to grant Letters Patent, and the grounds urged before this Court as justification for such refusal are:

(1) non-patentability of all the claims at issue because based upon new matter introduced into the disclosure by amendment, contrary to the express prohibition of Section 132 of Title 35 U.S.C.;

(2) non-patentability of all the claims because the subject matter thereof is described in the Lee patent (Def's Exh. No. 1–C);

(3) non-patentability of claim 3 because the subject matter thereof is described in the patent to Saunders, et al. (Def's Exh. No. 1–D);

(4) non-patentability of claims 4, 5, 9, 10 and 15 because the subject matter thereof would be obvious to one skilled in the art in the light of the teachings of the Kienle et al. and Gans patents (Def's Exh. No. 1–A, E);

(5) non-patentability of claims 13 and 14 because the subject matter thereof is described in the patent to Gans (Def's Exh. No. 1–E).

All the claims in the application specify that the composition contains a pigmented colloidal dispersion of an "unmasticated" rubbery copolymer. The principal issue in the case centers around the word "unmasticated," as a limitation upon the condition or character of copolymer. The original application did not contain the word "unmasticated." The claims as originally presented and prosecuted to a final rejection by the Examiner defined the composition as containing a colloidal dispersion of a rubbery copolymer.

After rejection, affidavits were submitted setting forth the results of tests made of the Saunders patent, which demonstrated that Saunders' composition contained a "Hycar" copolymer, which could not be used for textile printing. In order to differentiate, the application from the reference, it was first proposed to amend the claims to characterize the copolymer as "unmilled." When that term was objected to as confusing, the term "unmasticated" was then suggested in substitution. By order of the Commissioner, the term "unmasticated" was allowed as an amendment, and the claims were submitted in that form to the Board of Appeals.

In spite of the amendment, the Board of Appeals sustained the rejection order of the Examiner. The decision of the Board of Appeals was based upon a finding that the disclosure of the claims and specifications was inadequate, and that the amendment constituted new matter.

The plaintiff's contention before the Board was that in the practice of applicant's invention, as described in the specification "the use of an unmasticated rubbery copolymer is inherent." The applicant contended that the insertion into the claims, by way of amendment, of the adjective "unmasticated" was not new matter, and offered as evidence, in support of his contention, the affidavit of Doctor Zwicker (Pl. Exh. No. 1).

In presenting this issue in this Court, the defendant objected to the tes-

timony of Doctor Zwicker on the ground of incompetency. The deposition of Doctor Zwicker was received by this Court subject to the objection. This Court now rules that the Zwicker deposition is admissible because it tends to explain whether substances mentioned in the application were or were not masticated or milled.

The plaintiff offered only parts of the deposition, and the defendant then offered other parts of the deposition. The Court rules in that situation that the whole deposition is admissible. Federal Rules of Civil Procedure, rule 26(d)(4), 28 U.S.C.

On consideration of the whole deposition, and all the testimony, the Court finds that the plaintiff's evidence is unconvincing as to the sufficiency of the original specification. The law requires that inherency may not be established by possibilities or probabilities. The evidence must show that the inherency is necessary and inevitable. The plaintiff's case does not meet the requirements announced in Hansgirg v. Kemmer, 102 F.2d 212, 26 C.C.P.A., Patents, 937, and Forward Process Co. v. Coe, 73 App.D.C. 100, 116 F.2d 946.

The plaintiff's argument that "the use of an unmasticated rubbery copolymer is inherent" in the practice of applicant's invention, as it is described in the specification, seems to fall of its own weight. The argument and its assumptions are so extensive that it seems to justify the contention of the defendant that the specification was not sufficiently clear and explicit. The Court is constrained to find that the amendment did introduce new matter.

The determination of that issue in favor of the defendant sustains grounds for rejection (3), (4), and (5). The evidence, as to experiments conducted by the plaintiff, shows an improvement resulting from the plaintiff's composition over the references cited by the defendant, but improvement is not invention.

As to ground for dismissal of the complaint, No. (2), the Lee Patent (Def.'s Exh. No. 1–C), was not cited against the Booth application in the Patent Office. It was first cited as a reference in this Court. The Lee Patent was granted on June 26, 1951, which was subsequent to the filing date of the Booth application. The plaintiff contended in this court that Booth had made his invention before the Lee application was filed. The evidence was quite clear that Booth had done some work on a textile printing paste having dispersed in the oil phase an elastomer which was insoluble. But the defendant insisted that the evidence failed to show a reduction to practice by Booth prior to the filing date of the Lee application. The law is well settled that a party seeking to establish the date of invention at a time prior to the date of an anticipatory reference must establish the earlier date with certainty. Oliver Machinery Co. v. Gellman, 6 Cir., 104 F.2d 11; Thompson v. American Tobacco Co., 4 Cir., 174 F.2d 773.

Consideration of the evidence presented on this point by the plaintiff fails to sustain the burden resting upon plaintiff. The plaintiff's evidence also lacks the corroboration required by law. As stated in Miessner Inventions Inc. v. Hoschke, 76 U.S.App.D.C. 343, 131 F.2d 865, 866, "it requires more than the inventor's testimony to show reduction to practice."

As observed in the plaintiff's brief (page 17), the issues in this case relate to highly technical matter. They also involve the rules and practices of the Patent Office. The case comes, therefore, within the established presumption as to the propriety and correctness of the decisions of the Patent Office. Abbott v. Coe, 71 App.D.C. 195, 109 F.2d 449, and Esso Standard Oil Co. v. Sun Oil Co., 1956, 97 U.S.App.D.C., 154, 229 F.2d 37.

For the reasons stated, this Court is constrained to find that plaintiff is not entitled to a patent on any of the claims

set forth in the complaint. The complaint, therefore, must be dismissed at plaintiff's cost. Counsel for defendant may prepare findings of fact, conclusions of law, and a final order.

## On Rehearing

The plaintiff's request for reconsideration, having been consented to by counsel for the defendant, was granted.

The reply brief of the plaintiff, filed September 15, 1956, has been carefully read and considered. Because the issues of this case relate to highly technical matter and involve the rules and practices of the Patent Office, the case comes peculiarly within the established presumption as to correctness of the decisions of the Patent Office. The evidence is not sufficient to convince the Court that the conclusions of the Patent Office tribunals were clearly erroneous.

The former opinion of this Court is, therefore, reaffirmed.