**MONAPLASTICS, INC., Plaintiff-Appellant,**

v.

**CALDOR, INC., Defendant-Appellee.**

**No. 367, Docket 31039.**

United States Court of Appeals Second Circuit.

Argued March 9, 1967.

Decided May 29, 1967.

Armand Cifelli, Wooster, Davis & Cifelli, Garold E. Bramblett, Jr., Serge Abend, Bridgeport, Conn., for plaintiff-appellant.

William S. Rambo, Mahoney, Miller & Rambo, Columbus, Ohio, Roger B. Mc-Cormick, McCormick, Paulding & Huber, Hartford, Conn., for defendant-appellee.

Before LUMBARD, Chief Judge, and WATERMAN and SMITH, Circuit Judges.

WATERMAN, Circuit Judge:

This is an appeal from a judgment of the United States District Court for the District of Connecticut granting defendant's motion for summary judgment upon plaintiff's claim brought under 35 U.S.C. § 271 et seq. for an alleged patent infringement, and declaring United States Patent No. 3,160,361 entitled "Unitary Paper Toweling Rack," issued December 8, 1964 to William C. Monahan, invalid under 35 U.S.C. § 103 [1] for its obviousness in view of the prior art. The adequate and well considered opinion of the court below, reported at 264 F.Supp. 57 (1966), requires little commentary by us.

The prior art brought to the court's attention consisted of several prior paper towel rack patents, principally a Mayer Patent No. 3,038,676 issued June 12, 1962, and several articles about integral molded-in hinges of polypropylene published in October 1960 and May 1961 in trade magazines.

Appellant suggests that the summary judgment motion should not have been granted without the taking of testimony from experts in the pertinent area of knowledge. We agree, however, with the court below that the three-piece plastic towel rack patented by Mayer when combined with integral molded-in polypropylene plastic hinges to make the Monahan one-piece plastic towel rack did not create a patentable invention for the resulting device would have been obvious to persons having ordinary skill in the plastics molding industry, and would even have been obvious to ordinary laymen of modest intelligence. Under these circumstances the court had no need for expert testimony in order to examine the nature of the prior art or the level of skill in the relevant industry. Therefore summary judgment was properly granted, Vermont Structural Slate Co. v. Tatko Bros. Slate Co., 233 F.2d 9 (2 Cir.), cert.

denied, 352 U.S. 917, 77 S.Ct. 216, 1 L. Ed.2d 123 (1956); Walker v. General Motors Corp., 362 F.2d 56 (9 Cir. 1966); cf. Mastini v. American Tel. & Tel. Co., 369 F.2d 378 (2 Cir. 1966).

The only other issue presented to us on appeal that is worthy of mention relates to the reliance by the district court upon the state of the art as of the date when Monahan applied for his patent. The prior art against which appellant's patent was measured was determined as of the date the Monahan patent was applied for, August 21, 1962, the presumed date of the invention. This was proper unless the patentee offered convincing evidence that there had been an earlier date of invention, thereby creating an issue of fact as to when the invention was made. Rooted Hair, Inc. v. Ideal Toy Corp., 329 F.2d 761 (2 Cir.), cert. denied, 379 U.S. 831, 85 S.Ct. 63, 13 L.Ed.2d 40 (1964); United Shoe Machinery Corp. v. Brooklyn Wood Heel Corp., 77 F.2d 263 (2 Cir. 1935). Ordinarily the inventor's uncorroborated testimony is insufficient to establish an earlier date, Thompson v. American Tobacco Co., 174 F.2d 773 (4 Cir. 1949); Oliver Mach. Co. v. Gellman, 104 F.2d 11 (6 Cir.), cert. denied, 308 U.S. 567, 60 S.Ct. 80, 84 L.Ed. 476 (1939). Here no evidence except Monahan's unsupported statement was offered by appellant to the district court tending to show a date of invention any earlier than the date Monahan's application was filed, and even this statement provides only equivocal support for the proposition. Monahan states that he "conceived" his invention prior to May 1961 (giving no more definite date of conception), but that it took him "almost two years" to complete the invention, see Rooted Hair, Inc. v. Ideal Toy Corp., supra. We agree with the lower court that this vague, contradictory representation provided no

1. 35 U.S.C. § 103 provides:
   A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

basis for finding that a factual issue was present in the case relative to a date of invention prior to the filing date of the application.

The other points raised by appellant are also devoid of merit.

Affirmed.